IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADELLE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:15cv456-CSC |
| | )                (WO) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act, and denied her claim for benefits. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge. The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Based on the court's review of the

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

**The Issues**

**A. Introduction.** The plaintiff Adelle Smith ("Smith") was 49 years old on the date of onset (R. 28) and 52 years old at the time of the hearing before the ALJ. (R. 40). She has a high school education. (R. 28). Following the hearing, the ALJ concluded that the plaintiff has severe impairments of "asthma, hypertension, depression and alcohol abuse." (R. 22). The ALJ concluded that Smith did not meet or equal any of the listed impairments, including Listing 3.02A Chronic pulmonary insufficiency. (R. 23). The ALJ concluded that the plaintiff had no past relevant work, but, using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, he also concluded that there were significant number of jobs in the national economy that the plaintiff

3

could perform, and thus, Smith was not disabled. (R. 28-32).

**B. Plaintiff's Claim.** The plaintiff's sole issue for the Court's review is whether "the evidence of record demonstrates that Ms. Smith's impairments meet or equal the requirements of Listing 3.02 for chronic pulmonary insufficiency as well as Listing 3.03A for asthma." (Doc. # 11 at 4). According to Smith, the ALJ improperly invalidated and rejected test results to deny her benefits.

## Discussion

Smith asserts that she is presumptively disabled under Listing 3.02A because she suffers from "[c]hronic obstructive pulmonary disease, due to any cause, with the $FEV_1$ equal to or less than the values specified in table I corresponding to the person's height without shoes." 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02A. She also contends that she meets Listing 3.03A Chronic asthmatic bronchitis which requires evaluation under the criteria established for chronic obstructive pulmonary disease. 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.03A.

Table I sets forth the requisite $FEV_1$ values as follows:

Table I

| Height without shoes (centimeters) | Height without shoes (inches) | $FEV_1$ equal to or less than (L, BTPS) |
|---|---|---|
| 154 or less | 60 or less | 1.05 |
| 155–160 | 61–63 | 1.15 |
| 161–165 | 64–65 | 1.25 |
| 166–170 | 66–67 | 1.35 |
| 171–175 | 68–69 | 1.45 |
| 176–180 | 70–71 | 1.55 |
| 181 or more | 75 or more | 1.65 |

(*Id.*)

On the date of testing, Smith measured 65.5 inches tall. (Tr. 309). Table I provides that the $FEV_1$ level for individuals 65 inches tall is 1.25 while the $FEV_1$ level for individuals 66 inches tall is 1.35. *See id.* Section 3.00 also suggests an evaluation of a claimant's complete medical history and requires that the "**highest** value of the $FEV_1$ and FVC, whether from the same or different tracings, should be used to assess the severity of the respiratory impairment." *See* 20 C.F.R. Subpt P, App. 1, Listing 3.00E (emphasis added).   In this case, the ALJ concluded that the plaintiff's $FEV_1$ scores did not meet Listing 3.02A or 3.03A, and thus, Smith did not meet or equal a Listing at step three of the sequential analysis. (R. 23).

> Although the claimant has "severe" physical impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairment. The claimant's representative alleges that the claimant meets listing 3.02(A) under Chronic Pulmonary Insufficiency because she has a height of 65.5 inches and a FEV1 score of 1.25 or 1.35 (Exhibit 16E). However, notes from her May 21, 2013 consultative exam show that her initial FEV1 scores were 1.48, 1.66, and 1.62 (Exhibit 12F/14, 16). Although 20 minutes later the claimant's FEV1 scores were 1.25, 1.38, and 1.05, notes indicate that the claimant deviated from optimal testing criteria by using her bronchodilator (Exhibit 12F/17-18).

(R. 23).

Substantial evidence supports the ALJ's determination. It is undisputed that in May 21, 2013, Smith underwent two pulmonary function tests which yielded six spirometer tracings. (R. 309-14). At the conclusion of the first pulmonary function test, Smith's recorded $FEV_1$ scores were 1.62, 1.66 and 1.48. All three scores exceed the $FEV_1$ level of 1.25 for a person 65 inches tall and the $FEV_1$ level of 1.35 for a person 66 inches tall. These results were

"questionable" because Smith was sitting during the test, and the tester was "unsure if claimant understood the instructions given." (R. 311). The results of the second pulmonary function test were $FEV_1$ scores of 1.23, 1.38 and 1.05. Smith argues that she presumptively meets Listings 3.02A and 3.03A because of the $FEV_1$ score of 1.05. The Commissioner asserts that the regulations require the ALJ to consider the highest $FEV_1$ score of 1.38, and when the highest $FEV_1$ score of each test set is considered, it is clear that Smith does not meet the Listing.

While Smith is correct that the second set of tests yielded a $FEV_1$ score of 1.05, the regulations require that the ALJ consider the highest $FEV_1$ score. *See* 20 C.F.R. Subpt P, App. 1, Listing 3.00E. *See also Deventure v. Comm'r of Soc. Sec.*, 2016 WL 492482, * 6 (N.D. Ohio, Jan. 22, 2016) (Case 5:15CV872) ("the highest FEV1 value of the three testing maneuvers prevails as the determinant score."). Therefore, under either set of scores, Smith had $FEV_1$ scores in excess of the required $FEV_1$ score necessary to meet the listing.

Moreover, the plaintiff's longitudinal medical records do not contain the requisite description of treatment for chronic obstructive pulmonary disease or asthma. *See* 20 C.F.R. Subpt P, App. 1, Listing 3.00E. For example, Smith presented to the Shands Jacksonville Medical Center on April 17, 2010, suffering an acute asthma exacerbation and acute bronchitis. (R. 198). She was prescribed Albuterol. On July 6, 2012, Smith next presented to the Southeast Alabama Medical Center complaining of difficulty breathing. (R. 255-59; 281-87). While she was diagnosed with COPD, she was prescribed Albuterol and released. Her breathing was clear. (R. 287). This is the extent of her medical treatment. There are no records of treatment after her 2012 diagnosis of COPD.

The introduction to listings related to the respiratory system recognize that because symptoms of respiratory impairments "are common to many other diseases, a thorough medical history, and chest x-ray or other appropriate imaging techniques are required to assess the severity of the respiratory impairment. . . ." 20 C.F.R. Subpt P, App. 1, Listing 3.00E. The mere presence of some $FEV_1$ scores equal to or below the values listed in Table 1 is simply insufficient under the regulations to meet Listing 3.02A or 3.03A. Based on its review of the record, the court finds that the ALJ's conclusion that Smith did not satisfy the requisites of Listings 3.02A or 3.03A was supported by substantial evidence.     Smith's reliance on *Merritt v. Barnhart*, 430 F. Supp. 2d 1245 (N. D. Ala. 2006) and *Seals v. Barnhart*, 308 F. Supp. 2d 1241 (N. D. Ala. 2004) is misplaced. In *Merritt,* the court reversed the ALJ's credibility findings and determined that the objective $FEV_1$ medical testing supported her allegations of fatigue. *Merritt*, 460 F. Supp. 2d at 1250. Any comments by the court on Listing 3.02A are simply dicta and inapplicable to the facts of this case. The facts of *Seals* are also distinguishable from the case at bar. In *Seals,* the plaintiff's highest $FEV_1$ score was sufficient to meet the listing which was not the case for Smith. *Seals*, 308 F. Supp. 2d at 1244. To meet Listing 3.02 or 3.03, the critical $FEV_1$ score is the highest score, not the lowest.

In this case, the ALJ concluded, after from a review of the evidence, that Smith suffered from asthma, and did not meet the criteria of Listing 3.02A or 3.03A. Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the reasonableness of the ALJ's factual findings. *Lowery*, 979 F.2d 837. The ALJ's findings meet the reasonableness standard.

## Conclusion

The court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed. Thus, this case will be dismissed with prejudice.

A separate order will issue.

Done this 1st day of December, 2016.

                                            /s/Charles S. Coody
                                          CHARLES S. COODY
                                          UNITED STATES MAGISTRATE JUDGE